IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASPEN LICENSING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CROCS, INC., <br><br> Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Aspen Licensing International, Inc. ("Aspen") for its Complaint against Crocs, Inc. ("Crocs") alleges the following:

### THE PARTIES

1. Plaintiff Aspen is a Florida corporation having a place of business at 1649 Forum Place, Suite 12, West Palm Beach, Florida 33401.

2. Upon information and belief, Defendant Crocs is a Delaware corporation having a place of business at 6273 Monarch Park Place, Niwot, Colorado 80503.

### JURISDICTION AND VENUE

3. This is a civil action for injunctive relief for damages for violations of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, federal common law, and the common and statutory laws of the Commonwealth of Massachusetts.

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

6.  Aspen, through its predecessors-in-interest, owns the goodwill for the ASPEN mark going back to the 1940's when the mark was applied to a complete line of rugged, functional skiwear and became a top brand for skiers demanding performance apparel. Today, Aspen licenses many companies to use the ASPEN mark in association with a wide variety of other goods, including footwear.

7.  In addition to its rights in the mark ASPEN at common law, Aspen owns several federal registrations for the trademark ASPEN for footwear and after-ski boots (among other clothing goods) with first use dates going back to as early as 1949:

- U.S. Registration No. 3,001,668 for the block letter form of ASPEN for *footwear* (registered 9/27/05; first use 8/2/1995);

- U.S. Registration No. 1,187,769 for the logo form of ASPEN for children's, ladies' and men's ski wearing apparel-namely, parkas, pants, sweaters, wind resistant shirts, turtleneck knitted shirts, knickers, warm-up pants, *after-ski boots*, ski hats and ski caps (registered 1/26/1982; first use 5/5/1979);

- U.S. Registration No. 884,710 for the logo form of ASPEN for children's, ladies', and men's ski wearing apparel-namely, parkas, pants, sweaters, wind shirts, turtleneck knitted shirts, knickers, warm-up pants, *after-ski boots*, ski hats and ski caps (registered 1/20/1970; first use 2/0/1967); and,

- U.S. Registration No. 884,709 for the logo form of ASPEN for children's, ladies', and men's ski wearing apparel-namely, parkas, pants, sweaters, wind shirts, turtleneck knitted shirts, knickers, warm-up pants, *after-ski boots*, ski hats, and ski caps (registered 1/20/1970; first use 5/1/1949).

8. Defendant Crocs primarily sells clogs and other footwear. Crocs uses the ASPEN mark on a closed-toe foam clog, offered for sale on its website <www.crocs.com>:



9. Crocs also markets its clogs as after-ski footwear by promoting on its website testimonials of people who use them after skiing. (E.g., "They were so comfortable to put on after taking off my ski boots." <http://www.crocs.com/consumer/testimonial/ski/> (visited 6/13/2006)).

10. Upon information and belief, Crocs also offers for sale its clogs, including the clog it markets under the ASPEN mark, in department stores such as Nordstrom's.

11. Defendant Crocs has been aware of Aspen's extensive uses of the mark ASPEN since at least May of 2006 when it received a cease and desist letter from Aspen requesting that Crocs remove any use of the ASPEN mark from its products. Crocs has not complied with Aspen's demands.

## COUNT ONE
(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

12. The allegations of Paragraphs 1 through 11 above are restated and re-alleged by this reference as though set forth in full herein.

13. Aspen's federally registered trademark ASPEN is protected by at least U.S. Registration Nos. 3,001,668; 1,187,769; 884,710; and 884,709.

14. Aspen, its predecessors in interest, or its licensees developed, adopted and began using the trademark ASPEN before Crocs adopted and began using the mark ASPEN on its footwear.

15. Upon information and belief, Crocs acted knowingly and intentionally in misappropriating Aspen's trademark in an effort to trade off the goodwill developed by Aspen.

16. Defendant Crocs past, present and ongoing actions constitute trademark infringement of Aspen's trademark by using a mark that causes and is likely to cause confusion, mistake and deception as to source, sponsorship, or affiliation.

17. Crocs' infringing actions will continue unless enjoined by this Court.

18. Aspen has no adequate remedy at law. Aspen will suffer irreparable harm to its business, reputation and goodwill unless Crocs' unlawful conduct is enjoined by this Court.

## COUNT TWO
(False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a))

19. The allegations of Paragraphs 1 through 18 above are restated and re-alleged by this reference as though set forth in full herein.

20. Aspen's trademark ASPEN is well recognized for a wide variety of goods, but in particular footwear.

21. Crocs sells its footwear to the same or similar classes of customers as does Plaintiff's licensees.

22. Crocs' use of a confusingly similar mark is likely to cause confusion, mistake or deception as to affiliation, connection or association between Defendant and Plaintiff.

23. Defendants' aforementioned conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

24. Aspen has no adequate remedy at law. Aspen will suffer irreparable harm to its business, reputation and goodwill unless Crocs' unlawful conduct is enjoined by this Court.

## COUNT THREE
(Common Law Unfair Competition)

25. The allegations of Paragraphs 1 through 24 above are restated and re-alleged by this reference as though set forth in full herein.

26. By its above-described conduct, Defendant Crocs has engaged in unfair competition under federal common law and the common law of the Commonwealth of Massachusetts.

27. Plaintiff has been damaged by said conduct in an amount to be determined at trial, and is further entitled to injunctive relief therefor.

## COUNT FOUR
(Trademark Dilution Under Mass. Gen. L. ch. 110B, § 12)

28.   The allegations of Paragraphs 1 through 27 above are restated and re-alleged by this reference as though set forth in full herein.

29.   By its above-described conduct, Defendant Crocs has engaged in, and continues to engage in, dilution of the distinctiveness of Aspen's trademark. Crocs' actions have injured and continue to injure Aspen's business reputation, all in violation of Mass. Gen. L. ch. 110B, § 12.

30.   Plaintiff is entitled to injunctive relief for the aforementioned statutory violation.

## COUNT FIVE
(Unfair and Deceptive Trade Practices Under Mass. Gen. L. ch. 93A)

31.   The allegations of Paragraphs 1 through 30 above are restated and re-alleged by this reference as though set forth in full herein.

32.   By its above-described conduct, Defendant Crocs has engaged in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A, §§ 2, 11.

33.   Crocs' conduct in violation of Mass. Gen. L. ch. 93A was and continues to be willful and knowing.

34.   Aspen has been damaged by Crocs' conduct in an amount to be determined at trial, and is further entitled to injunctive relief hereunder, as well as treble damages and attorneys' fees.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that this Court:

A. Enter judgment that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper in this District;

B. Enter judgment for Plaintiff Aspen and against Defendant Crocs on each Count of this Complaint;

C. Enter judgment that Aspen's trademarks asserted herein are valid and distinctive;

D. Enter judgment that Defendant Crocs has infringed upon the trademark rights of Aspen, and has committed acts of false designation of origin, dilution, unfair competition and unfair or deceptive trade practices;

E. Enter judgment that Crocs' infringement has been knowing and willful;

F. Enter a preliminary injunction and permanent injunction requiring that Defendant Crocs, as well as all agents, representatives, employees, assigns and persons acting in concert or privity with Defendant immediately and permanently cease all use of the trademark ASPEN or any other trade name, trademark or service mark confusingly similar to Aspen's mark ASPEN

G. Order, pursuant to 15 U.S.C. § 1118, that any and all labels, signs, prints, packages, wrappers, receptacles, stationery, business cards, logos, advertising materials, and electronic data (including Internet web-based content) in the possession of Defendant Crocs, bearing the name or mark ASPEN in any form, and all means of making the same, shall be delivered up and destroyed;

H. Order that the Defendant Crocs shall file and serve within thirty (30) days a report in writing, under oath, setting forth the manner and form in which it has complied with the Court's orders and injunction;

I.  Award Plaintiff Aspen damages including Crocs' profits, compensatory damages, and the costs of this action, including attorney's fees, pursuant to 15 U.S.C. § 1117(a);

J.  Award Plaintiff Aspen treble damages pursuant to Mass. Gen. L. ch. 93A; and

K.  Award Plaintiff Aspen such further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

ASPEN LICENSING INTERNATIONAL, INC.

By its attorneys,

Dated: June 14, 2006

Edward F. Perlman (BBO #3949800)
eperlman@wolfgreenfield.com
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
John L. Strand (BBO #654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel.: (617) 646-8000
Fax: (617) 646-8646

1040700.2